AO 106 (Rev. 04/10) Application for a Search Warrant

## UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma


FILED
JUL 11 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
A TCL cellular telephone, with serial number C2400038C1BYD0000324; ) Case No. M-19-368-BMJ
a Samsung cellular telephone, with IMEI: 356905093843837; A Samsung )
cellular telephone, Model Galaxy S9+, with a cracked screen )

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Western___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Sections | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), 21 U.S.C. § 856(a)(1) | See attached Affidavit |

The application is based on these facts:
See attached Affidavit of Special Agent Brad Dillahunty, Homeland Security Investigations, which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brad Dillahunty, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __7/11/19__

_____
Judge's signature

City and state: __OKC, OK__

BERNARD M. JONES, U.S. Magistrate Judge
Printed name and title

# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A TCL CELLULAR TELEPHONE WITH SERIAL NUMBER C2400038C1BYD0000324, A SAMSUNG CELLULAR TELEPHONE WITH INTERNATIONAL MOBILE EQUIPMENT IDENTITY (IMEI) 356905093843837, AND A BLACK SAMSUNG MODEL GALAXY S9+ CELLULAR TELEPHONE WITH A CRACKED SCREEN, ALL CURRENTLY LOCATED IN SECURE EVIDENCE STORAGE AT THE HOMELAND SECURITY INVESTIGATIONS OFFICE IN OKLAHOMA CITY, OKLAHOMA | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## FOR A SEARCH WARRANT

I, Brad Dillahunty, Special Agent (SA) of the United States Department of Homeland Security, Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations of and to make arrests for offenses as set forth in 18 U.S.C. § 2516.

2. I have been employed as a SA with HSI and its predecessor the United States Customs Service since October 2000. I am currently assigned to the Office of the

Resident Agent in Charge, Oklahoma City, Oklahoma (RAC/OC). As part of my daily duties as an HSI Special Agent, I investigate criminal violations of federal law, including violations of Title 18, United States Code, Section 545, Smuggling Goods into the United States; Title 22, United States Code, Section 922(g)(5), Alien Illegally or Unlawfully in the United States; Title 21, United States Code, Section 952, Importation of Controlled Substances; and Title 21, United States Code, Section 841, Possession with Intent to Distribute a Controlled Substance (collectively, the "Specified Federal Offenses"). Additionally, HSI has a memorandum of understanding with the Bureau of Alcohol, Tobacco, Firearms, and Explosives that allows me to investigate all violations of Title 22, United States Code, Section 922, including 922(g)(1), Felon in Possession of a Firearm.

3. I have personally participated in this investigation and am familiar with the information contained in this Affidavit through personal investigation, discussions with other law enforcement personnel, interviews with witnesses, and review of reports and other related documentation.

4. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for three cellular telephones: a TCL cellular telephone with serial number C2400038C1BYD0000324 **(Subject Phone 1)**; a Samsung cellular telephone with International Mobile Equipment Identity (IMEI): 356905093843837 **(Subject Phone 2)**; and a black Samsung Model Galaxy S9+ cellular telephone with a cracked screen **(Subject Phone 3)**; as described further in Attachment A (physical descriptions) for evidence of violations of 21 U.S.C. §§

2

841(a)(1) (manufacturing, possessing, distributing, and selling of controlled substances) and 856(a)(1) (Maintaining a Drug-Involved Premises).

5. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. Only those facts which are necessary to establish probable cause to search a TCL cellular telephone with serial number C2400038C1BYD0000324 **(Subject Phone 1)**; a Samsung cellular telephone with International Mobile Equipment Identity (IMEI): 356905093843837 **(Subject Phone 2)**; and a black Samsung Model Galaxy S9+ cellular telephone with a cracked screen **(Subject Phone 3)**.

## BACKGROUND REGARDING CELLULAR DEVICES

6. Based on my knowledge, training, experience, and the experience of other law enforcement personnel, I know that individuals who purchase and/or distribute controlled substances utilize cellular telephones to communicate to potential buyers and suppliers to set up meeting locations and times, and to discuss quantities and prices. These communications are done via person-to-person telephone calls, text messages, voicemail, mobile applications such as Facebook messenger, Whatsapp, and Snapchat, and other person-to-person communication services that may be used with the telephones data services. I also know that these individuals, if the cellular telephone has the ability, often take photographs of their controlled substances, the proceeds from the sale of controlled substances and of other conspirators/buyers. These photographs are often taken and stored on their mobile devices such as telephones and tablets.

7.   Based on my knowledge, training, experience, and the experience of other law enforcement personnel, I know that **Subject Phone 1,** an TCL cellular telephone; **Subject Phone 2,** a Samsung cellular telephone; and **Subject Phone 3,** a Samsung cellular telephone, have the ability to communicate via person-to-person telephone calls, text messages and/or voicemail.  I also know that these **Subject Phones** have the capability to access the Internet, thus allowing the user to communicate via email, websites, and mobile applications.  I have also observed the **Subject Phones** each to have a camera.

## FACTUAL BACKGROUND

8.   Based on the foregoing information, **Lacy Dawn Money (Money)** committed crimes in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(1), and evidence of those crimes will be found on the **Subject Phones.**

9.   On June 6, 2019, the Oklahoma City Police Department (OCPD) received information from a confidential informant (CI) that a large quantity of methamphetamine would be delivered to the parking lot of the Taco Bell restaurant located at 7101 South May Avenue, Oklahoma City, Oklahoma.  The CI stated the methamphetamine would be delivered in the early evening by a white female driving a white Kia.  The CI had not previously cooperated with the OCPD officers involved with the instant case, however, other information the CI provided earlier in the day had been corroborated.  Additionally, the CI was not compensated for cooperating but hoped cooperation would be taken into consideration in relation to a pending legal matter.

10. On June 6, 2019, at approximately 6:10 p.m., investigators established surveillance observing the Taco Bell and its parking lot located at 7101 South May, Oklahoma City, Oklahoma.

11. At approximately 6:20 p.m., investigators observed a white Kia pull into the Taco Bell parking lot driven by a white female. The white Kia then drove around the building and stopped at the exit. Investigators did not observe any other white Kia in the parking lot at this time.

12. OCPD officers in marked patrol vehicles approached the vehicle and made contact with the driver, who identified herself as **Lacy Dawn MONEY**. **MONEY** refused to give consent to search the vehicle. OCPD Sergeant Ryan Keever and his narcotics detector dog (NDD) Ronin were called to the scene. Sgt. Keever and Ronin are certified through the Oklahoma Council on Law Enforcement Training (CLEET) as a narcotics detection team until September 2019. They are certified to detect the odor of methamphetamine, marijuana, cocaine, and heroin. The NDD was used to perform a free air sniff around the outside of the Kia. The NDD alerted to the odor of narcotics emitting from the vehicle. During a search of the vehicle, investigators located a cardboard box on the front passenger seat containing four plastic bags of a white crystalline substance. The substance had a total weight of approximately 3.5 kilograms and field tested positive for methamphetamine. Based on my training and experience, I know this quantity of methamphetamine is consistent with distribution. The **Subject Phones** were also located inside the Kia.

13. I identified myself to **MONEY** and asked if she would speak with me. **MONEY** stated that she did not want to speak with me.

14. On June 11, 2019, this Court issued a criminal complaint against **MONEY** for violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing with intent to distribute more than 500 grams of a substance or mixture containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance. *See* Case No. M-19-319-SM (Doc. 1).

15. On June 14, 2019, **MONEY** was arrested at her residence where law enforcement, executing a search warrant, discovered approximately 452 grams of a substance that field-tested positive for methamphetamine.

16. On July 2, 2019, **MONEY** was charged in a three count indictment. *See* CR-19-198-D (Doc. 15). In Count 1, **MONEY** is charged with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A). In Count 2, **MONEY** is charged with possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(B). Finally, in Count 3, **MONEY** is

charged with using and maintaining a place for the purpose of distributing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a)(1), the penalty for which is found at Title 21, United States Code, Section 856(b).

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Subject Phones** were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Subject Phones** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

7

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

8

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium of each device, that might expose many parts of each device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. Based on the above facts, I believe probable cause exists, to search a TCL cellular telephone with serial number C2400038C1BYD0000324 **(Subject Phone 1)**; a Samsung cellular telephone with International Mobile Equipment Identity (IMEI): 356905093843837 **(Subject Phone 2)**; and a black Samsung Model Galaxy S9+ cellular telephone with a cracked screen **(Subject Phone 3)**, all described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**, which constitute evidence, fruits, instrumentalities, and other items related to possession with intent to distribute controlled substances. Therefore, it is respectfully requested this Court issue a search warrant.

_____
Special Agent Brad Dillahunty
U.S. Department of Homeland Security
Homeland Security Investigations

SUBSCRIBED and SWORN before me this \_\_11th\_\_ day of July, 2019.

_____
BERNARD M. JONES
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT "A"
### Items to be searched

**Subject Phone 1.** TCL cellular telephone with serial number C2400038C1BYD0000324.









**Subject Phone 2.** Samsung cellular telephone with IMEI 356905093843837.







**Subject Phone 3.** Black Samsung Model Galaxy S9+ cellular telephone with cracked screen.





BHD



6

BH
BHD

## **ATTACHMENT B**

All records on the devices described in Attachment A that relate to violations of Title 21, U.S.C. §§ 841 and 856(a)(1) including, but not limited to:

1. Lists of customers and related identifying information;

2. Types, amounts, and prices of controlled substances as well as dates, places, and amounts of specific transactions;

3. Any information related to sources of controlled substances (including names, addresses, phone numbers, emails, notes or any other identifying information);

4. Communications regarding controlled substance offenses;

5. All bank records, checks, credit card bills, account information, and other financial records;

6. Evidence related to the possession, use, storage, or purchase of any vehicles, vessels, or other items that could be used as a means of transporting controlled substances;

7. Evidence, including geolocation records, related to locations used as meeting places, places used to store proceeds, instrumentalities, controlled substances, firearms possessed or used in the furtherance of drug trafficking, or other contraband;

8. Phone call records (incoming, outgoing, missed calls), voicemail, text messages (mms/sms/picture/video/etc.), emails, video chats, direct messaging, encoded messaging, mobile applications, and all other forms of communication that could be utilized to plan and discuss the transportation, packaging, distribution, sale, or concealment of controlled substances or drug proceeds;

9. Evidence of user attribution showing who used or owned the **Subject Phones** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames, passwords, documents, and browsing history;

10. Any digital data or material including video, audio, and still photography, lists, notes, and other text data relating to the distribution of controlled substances; and

11. Call history, contact name and numbers, voice and text messages, emails, pictures, videos, and/or other electronic data relating to drug activity.

